```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**RELIABLE ONSHORE SERVICES COMPANY, L.L.C.**              CIVIL ACTION

**VERSUS**                                                  No. 08-3500

**TANNER MARINE COMPANY, INC.,** *et al.*                   SECTION: I/1

## ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiff, Reliable Onshore Services Company, L.L.C., ("ROSCO").[1] Defendants in this matter are Tanner Marine Company, Inc., ("TMC")[2] and Tanner Companies, Inc., ("TCI").[3] For the following reasons, ROSCO's motion to remand is **DENIED.**

## BACKGROUND

On December 20, 2007, in order to resolve disputes between ROSCO and TCI concerning an asset purchase agreement (the "APA"), ROSCO and TCI participated in arbitration proceedings in New Orleans, Louisiana.[4] After hearing the parties' arguments and reviewing the evidence presented, the arbitration panel governing the aforementioned proceedings (the "panel" or the "arbitration

---

[1]Rec. Doc. No. 8.  ROSCO is a Louisiana limited liability company with its principal place of business in the Parish of Terrebonne, State of Louisiana. Rec. Doc. No. 1-5.

[2]TMC is a Louisiana corporation with its principal place of business in St. Landry Parish, State of Louisiana.  Rec. Doc. No. 1-5, p. 1, para. 1.

[3]TCI is a Delaware corporation with its principal place of business in Houston, Texas.  *Id*. para. 2.

[4]Rec. Doc. No. 16-5.

panel") issued an award detailing ROSCO's and TCI's obligations under the APA.[5] The panel determined that said award resolved all of ROSCO's and TCI's claims and counterclaims that were presented for arbitration and all of the relief sought by ROSCO and TCI.[6]

The panel also determined that all of the potential claims and counterclaims between ROSCO and TCI's subsidiary companies, which includes TMC,[7] resolved themselves into the claims and

---

[5]The arbitration panel's award provides, in pertinent part:

    (1)    The bill of sale, the indemnity agreement, and the promissory note that Tanner delivered to ROSCO in connection with the APA are hereby cancelled and annulled,
    (2)    ROSCO shall pay to Tanner the sum of $1,400,000, the partial purchase price that Tanner paid to ROSCO - with legal interest on $700,000 from September 1, 2006, until paid and with legal interest on $700,000 from September 22, 2006, until paid,
    (3)    ROSCO shall pay Tanner the sum of $317,249 for improvements Tanner made during the time Tanner held the things it purchased from ROSCO (the "Marine Business"), with legal interest thereon from April 18, 2007 until paid,
    (4)    Tanner shall pay ROSCO the sum of $115,616 for fruits and revenues, consisting of ROSCO's lost profits during the period Tanner held the Marine Business and operated it under the name "ROSCO," with legal interest thereon from April 18, 2007 until paid, and
    (5)    All legal interest shall be calculated pursuant to Louisiana law.

Rec. Doc. No. 16-5, p. 2, paras. 1-5.

[6]*Id.* at p. 3, para. 6(a).

[7]The TCI subsidiary companies that were specifically referenced in the arbitration panel's award include:

    (1)    TMC;
    (2)    Tanner Construction Company, Inc.;
    (3)    Tanner Operations, L.L.C.;
    (4)    Tanner Construction Company of Texas, Inc.;
    (5)    Tanner Pipeline Company, L.L.C.;
    (6)    Tanner Pump and Supply, L.L.C.;
    (7)    Tanner Timber Products, Inc.; and
    (8)    Tanner Companies Shared Services, L.L.C..

*Id.* para. 6(b).

counterclaims that ROSCO and TCI asserted during arbitration.[8]  As such, the panel concluded that the award it issued also resolved and extinguished all claims and potential claims, as well as all counterclaims and potential counterclaims, by, against, or between ROSCO and TCI's subsidiary companies based on acts or omissions that occurred prior to April 18, 2007.[9]

On January 15, 2008, ROSCO filed a lawsuit against TMC and TCI in the Civil District Court for the Parish of Orleans, State of Louisiana.[10]  In that lawsuit, ROSCO asserts causes of action against TMC for breach of contract and unjust enrichment in relation to the APA.[11]  ROSCO also asserts a cause of action against TCI to have the arbitration panel's award vacated, modified, and/or corrected.[12]

On May 20, 2008, TCI removed ROSCO's lawsuit to federal court citing diversity jurisdiction pursuant to 28 U.S.C. § 1332.[13]  On June 4, 2008, ROSCO filed this motion arguing that the above-captioned matter should be remanded because ROSCO and TMC are both Louisiana citizens and, as such, there is a lack of complete

---

[8]*Id.*

[9]*Id.*

[10]Rec. Doc. No. 1-5.

[11]*Id.* at pp. 6-7, paras. 10-12.

[12]*Id.* at pp. 7-8, paras. 13-19.

[13]Rec. Doc. No. 1.

diversity between the parties.[14]

## LAW AND ANALYSIS

**I.     STANDARDS OF LAW**

   **A.     MOTION TO REMAND**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal statute is strictly construed.  *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").  Doubts concerning removal are to be construed against removal and in favor of remand to state court.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

   **B.     IMPROPER JOINDER**

---

[14]Rec. Doc. No. 8.

TCI asserts that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because TMC has been improperly joined in ROSCO's lawsuit. There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts,[15] or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).[16] In *Smallwood v. Illinois Central Railroad*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
>
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

---

[15]There are no allegations of actual fraud in the pleadings in this case.

[16]The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder." *Smallwood*, 385 F.3d at 571 n.1.

> That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549). The court must also resolve all ambiguities in the controlling state law in plaintiff's favor. *Id.*

**C.   CHALLENGING ARBITRATION AWARDS**

The FAA "provides the exclusive remedy for challenging misconduct in the administration of an arbitration award." *Jason v. American Arbitration Assoc., Inc.*, 2002 WL 1059005, at *2 (E.D. La. May 23, 2002) (citing *Corey v. N.Y.S.E.*, 691 F.2d 1205, 1212 (6th Cir. 1982)). "'Once an arbitrator has rendered a decision the award is binding on the parties unless they challenge the

underlying contract to arbitrate pursuant to [9 U.S.C. § 2][17] or avail themselves of the review provisions of [9 U.S.C. §§ 10[18] and 11][19].'" *In re Robinson*, 326 F.3d 767, 771 (6th Cir. 2003) (quoting

---

[17]The text of 9 U.S.C. § 2 reads:

> A written provision in any maritime transaction or a contract evidencing transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

[18]The text of 9 U.S.C. § 10 reads:

> (a)  In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –
> (1)  where the award was procured by corruption, fraud, or undue means;
> (2)  where there was evident partiality or corruption in the arbitrators, or either of them;
> (3)  where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4)  where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
> (b)  If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
> (c)  The United States district court for the district wherein an award was made that was issued pursuant to section 580 of title 5 may make an order vacating the award upon the application of a person, other than a party to the arbitration, who is adversely affected or aggrieved by the award, if the use of arbitration or the award is clearly inconsistent with the factors set forth in section 572 of title 5.

[19]The text of 9 U.S.C. § 11 reads:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the

*Corey*, 691 F.2d at 1213); *see also Decker v. Merril Lynch, Pierce, Fenner and Smith, Inc.*, 205 F.3d 906, 909 (citing *Corey*, 691 F.2d at 1212).  "[W]here a party files a complaint in federal court seeking damages for an alleged wrongdoing that compromised an arbitration award and caused the party injury, it 'is no more, in substance, than an impermissible collateral attack on the award itself.'" *Decker*, 205 F.3d at 910 (quoting *Corey*, 691 F.2d at 1211-12); *Myles v. Wolpoff & Abramson*, 2008 WL 126620, at *3 (E.D. Mich. Jan. 14, 2008).

## II. <u>DISCUSSION</u>

ROSCO argues that TMC has not been improperly joined as a defendant in this case because ROSCO has stated valid causes of action against TMC for breach of contract and unjust enrichment.[20] Despite the fact that the arbitration panel's award purports to resolve and extinguish those causes of action against TMC, ROSCO contends that it is not precluded from asserting the same in this case because TMC was not a party to the arbitration and, as such, the panel did not have the authority to resolve and extinguish any

---

arbitration –
(a)   Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
(b)   Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
(c)   Where the award is imperfect in matter of form not affecting the merits of the controversy.
The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

[20]Rec. Doc. No. 8-2, pp. 4-6.

claims between ROSCO and TMC.[21]

ROSCO was a party to the December 20, 2007, arbitration proceeding in New Orleans[22] and, as such, it is bound by the arbitration panel's award in its entirety. Despite its argument that the arbitration panel exceeded the scope of its authority by resolving and extinguishing claims between ROSCO and TMC, ROSCO may not simply contravene the panel's award by filing a separate lawsuit asserting the very claims that the panel purported to resolve and extinguish. As previously explained, "the FAA 'provides the **exclusive** remedy for challenging acts that taint an arbitration award.'" *Decker*, 205 F.3d at 910 (emphasis added) (quoting *Corey*, 691 F.2d at 1211).

ROSCO's state law claims against TMC constitute an impermissible collateral attack on the arbitration panel's award and, as such, they fail to state a cause of action for which relief may be granted. *See, e.g., Id*. ("Because [plaintiff] chose to attack collaterally the arbitration award in violation of the FAA, she failed to state a claim upon which relief may be granted."); *see also Jason*, 2002 WL 1059005, at *2; *Myles*, 2008 WL 126620, at *3.

Considering the foregoing, the Court finds that there is no

---

[21]*Id*. at p. 5.

[22]It is undisputed that ROSCO was a party to the December 20, 2007, arbitration in New Orleans.

reasonable possibility that ROSCO will be able to recover against TMC in this lawsuit.  ROSCO improperly joined TMC as a defendant in the above-captioned matter and, as such, TMC's citizenship is not considered for purposes of establishing diversity jurisdiction.  In light of the fact that there is diversity of citizenship between ROSCO and TCI, the Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332.

Accordingly,

**IT IS ORDERED** that ROSCO's motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that ROSCO's claims against TMC for breach of contract and unjust enrichment are **DISMISSED**.[23]

New Orleans, Louisiana, August 19th, 2008.

                                                                LANCE M. AFRICK
                                                        **UNITED STATES DISTRICT JUDGE**

---

[23] Contemporaneous with its opposition to ROSCO's motion to remand, TCI requested that the claims against TMC be dismissed.  Rec. Doc. No. 16, p. 13.  The dismissal of ROSCO's claims does not affect ROSCO's claim against TCI to vacate, amend, and/or correct the arbitration award.